ECF DOCUMENT
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Missouri.
Date Filed: 2/11/2021   Paige A. Wymore-Wynn, Clerk
By: M. Warren   Deputy Clerk

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: AHERN RENTALS, INC.,
TRADE SECRET LITIGATION                     MDL No. 2945

## TRANSFER ORDER

**Before the Panel:** Plaintiff in the actions listed on Schedule A moves under Panel Rule 7.1 to vacate our orders that conditionally transferred the actions to MDL No. 2945. Defendants[1] oppose the motions to vacate.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2945, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The MDL No. 2945 actions involve factual questions arising out of allegations of a nationwide scheme by common defendant EquipmentShare to capture market share in the equipment rental business from common plaintiff, Ahern Rentals, Inc. (Ahern), "by (1) luring away its employees and customers, and (2) using Ahern's confidential and proprietary information and trade secrets." *In re Ahern Rentals, Inc., Trade Secret Litig.*, __ F. Supp. 3d __, 2020 WL 4673646, at *1 (August 7, 2020).

Both actions before the Panel are based upon this alleged scheme. In the Northern District of California *Schreiner* action, Ahern alleges that Mr. Schreiner, a former Ahern employee and current EquipmentShare employee, took Ahern's confidential, proprietary, and trade secret information and used it to solicit Ahern's customers. Ahern makes similar allegations against other individual employee defendants in the MDL. Ahern argues *Schreiner* is unique because it does not name EquipmentShare as a defendant, and because Mr. Schreiner's conduct is distinct from the conduct of the other individual employee defendants in MDL No. 2945. The Panel rejected the latter argument in finding centralization appropriate. *See id*. at *1 ("While plaintiff alleges misconduct unique to each individual defendant, EquipmentShare is alleged to have engaged in a 'nationwide conspiracy' to encourage and abet such conduct by Ahern employees."). That EquipmentShare is not named as a defendant does not preclude transfer. The Panel transferred a similar action to MDL No. 2945 that does not name EquipmentShare, without opposition. *See Ahern Rentals, Inc. v. Kollar*, C.A. No. 1:20-1050, W.D. Texas (transferred Nov. 24, 2020). Moreover, Section 1407 transfer does not require a "complete identity of parties." *In re Auto Body Shop Antitrust Litig*., 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014).

---

[1] In the Northern District of California *Schreiner* action, Tom Schreiner. In the Eastern District of Missouri *EZ Equipment* action, EZ Equipment Zone LLC (EZ Equipment) and EquipmentShare.com Inc. (EquipmentShare).

In *EZ Equipment*, Ahern alleges that EquipmentShare improperly solicited Ahern's employees and customers and stole Ahern's trade secrets and confidential information, and then provided that information to EZ Equipment to further its business. The *EZ Equipment* complaint references MDL No. 2945: Ahern alleges that EquipmentShare provided "illegally-obtained confidential, proprietary, and/or trade secret information . . . to [EZ Equipment] to achieve, by indirect means, the very same illegal and illicit goals for which Ahern has sued EquipmentShare directly in the MDL . . .." *EZ Equipment* Compl. ¶ 9. Ahern argues that *EZ Equipment* is factually unique from the MDL No. 2945 actions because it will focus on the relationship between EZ Equipment and EquipmentShare. But the common allegations in the MDL relate to EquipmentShare's purported plan to steal market share by inducing Ahern employees to take Ahern's confidential and proprietary information and trade secrets. And Ahern's claims regarding a scheme between EZ Equipment and EquipmentShare to provide EZ Equipment with confidential information improperly taken from Ahern entirely rely upon those common allegations.

EquipmentShare represents that Ahern already has propounded discovery in MDL No. 2945 about the relationship between EquipmentShare and EZ Equipment. Therefore, transfer will avoid duplicative discovery, not only regarding EquipmentShare's alleged plan to take Ahern's confidential information, but also regarding the relationship between the defendants. And transfer will not, as Ahern argues, inject a new, unrelated party into the MDL and complicate the proceedings, but rather will streamline overlapping discovery and provide efficiencies.

Ahern also argues that transfer of *Schreiner* and *EZ Equipment* will result in inconvenience and delay, because the actions each are in a different procedural posture than the MDL No. 2945 actions. We are not persuaded that MDL No. 2945 is so far advanced that transfer of newly filed actions at this time would result in inefficiencies. The parties are a few months into common discovery, and these actions still can benefit from common proceedings. Moreover, transfer is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if it might cause inconvenience or delay to some parties. *See, e.g., In re Crown Life Ins. Premium Ins. Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

Finally, Ahern argues that removal of *Schreiner* was improper, and the transferor court should decide its motion for remand to state court. Jurisdictional issues do not present an impediment to transfer of factually related cases, as plaintiff can present these arguments to the transferee judge.[2] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Beth Phillips for inclusion in the coordinated or consolidated pretrial proceedings.

---

[2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

**IN RE: AHERN RENTALS, INC.,**
**TRADE SECRET LITIGATION**                                              MDL No. 2945

## SCHEDULE A

<u>Northern District of California</u>

AHERN RENTALS, INC. v. SCHREINER, C.A. No. 3:20-06750

<u>Eastern District of Missouri</u>

AHERN RENTALS, INC. v. EQUIPMENTSHARE.COM INC., ET AL.,
    C.A. No. 4:20-01565