UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AHERN RENTALS, INC., TRADE SECRET
LITIGATION                                                                                           MDL No. 2945

(SEE ATTACHED SCHEDULE)

CONDITIONAL REMAND ORDER

The transferee court in this litigation has advised the Panel that coordinated or consolidated pretrial proceedings in the action(s) on this conditional remand order have been completed and that remand to the transferor court(s), as provided in 28 U.S.C. § 1407(a), is appropriate.

IT IS THEREFORE ORDERED that the action(s) on this conditional remand order be remanded to its/their respective transferor court(s).

IT IS ALSO ORDERED that, pursuant to Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the transmittal of this order to the transferee clerk for filing shall be stayed 7 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Western District of Missouri.

IT IS FURTHER ORDERED that, pursuant to Rule 10.4(a), the parties shall furnish the Clerk for the Western District of Missouri with a stipulation or designation of the contents of the record to be remanded.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

Apr 23, 2024

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Tiffaney D. Pete
Clerk of the Panel

| IN RE: AHERN RENTALS, INC., TRADE SECRET LITIGATION | | | | | | MDL No. 2945 |

**SCHEDULE FOR CRO**

| TRANSFEREE | | | TRANSFEROR | | | |
|---|---|---|---|---|---|---|
| **DIST** | **DIV.** | **C.A.NO.** | **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
| MOW | 2 | 21−04028 | CAN | 3 | 20−06750 | Ahern Rentals, Inc. v. Schreiner |
| MOW | 2 | 21−04089 | TXN | 1 | 21−00061 | Ahern Rentals Inc v. Helmstetler et al |

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | | |
|---|---|---|---|
| IN RE: AHERN RENTALS, INC., TRADE SECRET LITIGATION. | ) ) ) | MDL Master Case No. Member Case No. | No. 2945 20-02945-MD-C-BP 21-04028-CV-C-BP |
| AHERN RENTALS, INC. Plaintiff, v. TOM SCHREINER, an Individual, and DOES 1 through 100, inclusive, Defendants. | ) ) ) ) ) ) ) ) ) ) | Northern District of California No. 20-cv-06750-SK | |

**SUGGESTION OF REMAND AND TRANSFER ORDER**

This suit is part of a multidistrict litigation proceeding ("MDL") involving a multitude of business disputes between Ahern Rentals, Inc. ("Ahern") and EquipmentShare.com Inc. ("EquipmentShare"). Most of the suits have been brought by Ahern and revolve around its assertion that EquipmentShare induced Ahern employees (the "Individual Defendants") to (1) leave his or her job with Ahern to begin working for EquipmentShare and (2) bring Ahern's trade secrets or confidential information to advance EquipmentShare's business at Ahern's expense. In the typical member cases, Ahern has brought a myriad of statutory, contractual, and common law claims against both EquipmentShare and one or more Individual Defendants.

This case is a little different from the others, in that EquipmentShare was not named as a Defendant; the only named Defendant is one of the Individual Defendants, Tom Schreiner. The original suit purported to include up to 100 John Doe Defendants, but none were ever identified, and Ahern never asked that any person or entity (including EquipmentShare) be added as a

Defendant.[1]  Proceedings have reached the point where continued consolidation or coordination is not beneficial, so remand and transfer to the Transferor Court is recommended.[2]

## I. SUGGESTIONS IN SUPPORT OF REMAND

The Judicial Panel on Multidistrict Litigation (the "Panel") has directed that, when a case is ready to be remanded, the transferee judge must submit a suggestion to that effect to the Panel:

> If and when the transferee judge determines that any action or claim is, in fact, ready for trial, or otherwise ready for remand because the common pretrial proceedings pertaining to that action or claim have been completed and the action or claim would no longer benefit from inclusion in the coordinated or consolidated pretrial proceedings, the transferee judge may suggest to the Panel that the Panel remand the action or claim to its transferor district.

*In re Multi-Piece Rim Prod. Liab. Litig.*, 464 F. Supp. 969, 975 (J.P.M.L. 1979); *see also* J.P.M.L. Rule 10.1(b).

During the MDL's pendency, all relevant discovery, including case-specific discovery for each of the member cases, has been completed.[3]  The parties briefed motions related to the admissibility of expert testimony, and this Court (the "MDL Court") has issued indicative rulings on those matters.  The parties are also separately briefing summary judgment motions for each of the member cases; each member case has been placed in one of five separate groups, with each group having a different briefing schedule.  The briefing has been completed for the group that includes this member case.

The MDL Court has not issued rulings on the summary judgment motions, and, in these circumstances, the MDL Court does not believe it should do so.  The facts in the member cases

---

[1] The deadlines for adding parties and amending pleadings have passed, so it is recommended that any attempts to name and add additional Defendants be denied.

[2] This Order addresses only this member case; the other cases will be addressed separately and individually.

[3] There is one member case for which discovery is continuing; that case is on a different schedule because it had been dismissed, but the dismissal was reversed on appeal.  That case is also atypical in several other respects, including the issues involved.  Its continuation has no bearing on the rest of the member cases.

are very distinct from each other—more so than is usually the case in an MDL—and there are few (if any) common issues to be addressed. The dispositive motions for each member case will not depend on common facts, but rather the facts regarding each Individual Defendant's actions. The claims asserted in the cases are not the same; moreover, even to the extent the claims are the same, the governing law may not be. Consequently, it is not efficient for a single court to rule on all the dispositive motions; it is more efficient for the labor to be divided so that each case can be assessed individually. Accordingly, this is the appropriate time to remand the cases to the Transferor Court.

In addition, Ahern filed a Motion to Remand, which (1) was briefed before the case was transferred to the MDL Court and (2) asked that the case be remanded to state court. The grounds for remand involve alleged procedural errors in the removal process that did not affect the MDL Court's jurisdiction; the MDL Court elected not to rule on this Motion and directed that it would be left for the Transferor Court to resolve. (Doc. 251.)[4] While Schreiner has not argued that Ahern waived the issues raised in its Motion to Remand, if such an argument be raised it should be rejected because Ahern has not taken any actions suggesting that it waived any of the arguments it raised.

## II. PERTINENT FILINGS[5]

This member case was originally removed from state court to the United States District Court for the Western District of Texas on September 28, 2020. The Panel transferred the case to the MDL Court on February 11, 2021.

---

[4] All Document Numbers are from this Court's Master MDL Docket.

[5] The MDL Court believes it has identified all the relevant documents for this member case, but there is always the possibility the parties will suggest others are also important.

**A.**

After transfer, the following relevant documents were filed, and the following relevant rulings were made:

Doc. 539        Order denying Schreiner's Motion to Dismiss

Doc. 569        Schreiner's Answer to the Complaint

Doc. 1268       Order that contains (on page 9) a restriction on the use of certain evidence. The MDL Court does not know if any such evidence exists or will be offered in connection with this member case, but the Transferor Court should know this ruling has been made.

Doc. 1802       Order striking the Supplemental Report from Ahern's damages expert, David Hoffman

**B.**

Motions challenging the admissibility of expert testimony based on *Daubert v. Merrelll Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), its progeny, and Federal Rules of Evidence 702 through 705 were filed. The MDL Court issued rulings on those motions, but repeats a caveat expressed in its Orders.

The MDL Court acknowledges decisions regarding the admission of expert testimony are discretionary, *e.g.*, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999), and different judges may exercise their discretion in different ways despite being presented with the same or similar circumstance. Therefore, the Orders reflect how the MDL Court would rule and are not intended to bind the Transferor Courts; they are offered only to assist the Transferor Courts in resolving these issues.[6]

---

[6] This caveat does not apply to Doc. 1802, the Order striking the Supplemental Report from Ahern's damages expert, David Hoffman. That ruling was not based on evidentiary grounds, but rather on the Supplemental Report's untimely disclosure.

With that caveat in mind, the MDL Court issued the following Orders relating to expert testimony:

| | |
|---|---|
| Doc. 1798 | Order addressing testimony of Richard Wallace |
| Doc. 1799 | Order addressing testimony of Mark Hamilton |
| Doc. 1800 | Order addressing testimony of Bruce Hartley |
| Doc. 1801 | Order addressing testimony of David Hoffman and John Hansen |

### C.

Ahern and Schreiner have filed Motions for Summary Judgment. Some of the filings (or exhibits thereto) may be sealed, but they should be accessible by the Transferor Court. To aid the Transferor Court, the MDL Court will identify the relevant filings.

#### *Schreiner's Motion*

| | |
|---|---|
| Doc. 1847 | Schreiner's Motion for Summary Judgment |
| Doc. 1851 | Schreiner's Suggestions in Support |
| Doc. 1905 | Ahern's response to Schreiner's legal arguments |
| Doc. 1906 | Ahern's response to Shreiner's statement of facts (and Ahern's counter-facts) |
| Doc. 1945 | Schreiner's reply argument |
| Doc. 1948 | Schreiner's reply facts |

#### *Ahern's Motion*

| | |
|---|---|
| Doc. 1852 | Ahern's Motion for Summary Judgment |
| Doc. 1853 | Ahern's Suggestions in Support |
| Doc. 1909 | Schreiner's legal argument opposing summary judgment |
| Doc. 1946 | Ahern's Reply Suggestions |

## III.  PROCEEDINGS ON REMAND

Given the unique nature of this MDL, practically all the discovery that was conducted in the MDL Court related to the individual member cases.  All such discovery has been completed and the MDL Court is not aware of any reason why additional discovery should be allowed.  Once the summary judgment motions are ruled and the Transferor Court determines the extent to which it will adopt the MDL Court's rulings on the *Daubert* motions, the case should be ready for trial.

## IV.  CONCLUSION

Pursuant to J.P.M.L. Rule 10.1(b), the MDL Court suggests that the Panel remand this member case to the Northern District of California for further proceedings.[7]  The Clerk of Court shall forward a copy of this Order to the Panel.

**IT IS SO ORDERED.**

DATE: April 11, 2024

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

*ECF DOCUMENT*
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Missouri.
Date Filed: 4/11/2024    Paige A. Wymore-Wynn, Clerk
By: M. Warren    Deputy Clerk

---

[7] If the Transferor Court decides the case should be remanded to state court, the MDL Court's recommendations – specifically including the recommendation that further discovery should not be necessary – applies equally to the state court.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | | |
|---|---|---|---|
| IN RE: AHERN RENTALS, INC., TRADE SECRET LITIGATION. | ) ) ) | MDL<br>Master Case No.<br>Member Case No. | No. 2945<br>20-02945-MD-C-BP<br>21-04089-CV-C-BP |
| AHERN RENTALS, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>TIMOTHY J. HELMSTETLER and EQUIPMENTSHARE.COM INC.,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Northern District of Texas Number<br>1:21-CV-00061-H | |

**SUGGESTION OF REMAND AND TRANSFER ORDER**

This suit is part of a multidistrict litigation proceeding ("MDL") involving a multitude of business disputes between Ahern Rentals, Inc. ("Ahern") and EquipmentShare.com Inc. ("EquipmentShare"). Most of the suits—including this one—have been brought by Ahern and revolve around its assertion that EquipmentShare induced Ahern employees (the "Individual Defendants") to (1) leave his or her job with Ahern to begin working for EquipmentShare and (2) bring Ahern's trade secrets or confidential information to advance EquipmentShare's business at Ahern's expense. In the typical member cases, Ahern has brought a myriad of statutory, contractual, and common law claims against both EquipmentShare and one or more Individual Defendants. However, proceedings have reached the point where continued consolidation or coordination is not beneficial, so remand and transfer to the Transferor Court is recommended.[1]

---

[1] This Order addresses only this member case; the other cases will be addressed separately and individually.

## I.  SUGGESTIONS IN SUPPORT OF REMAND

The Judicial Panel on Multidistrict Litigation (the "Panel") has directed that, when a case is ready to be remanded, the transferee judge must submit a suggestion to that effect to the Panel:

> If and when the transferee judge determines that any action or claim is, in fact, ready for trial, or otherwise ready for remand because the common pretrial proceedings pertaining to that action or claim have been completed and the action or claim would no longer benefit from inclusion in the coordinated or consolidated pretrial proceedings, the transferee judge may suggest to the Panel that the Panel remand the action or claim to its transferor district.

*In re Multi-Piece Rim Prod. Liab. Litig.*, 464 F. Supp. 969, 975 (J.P.M.L. 1979); *see also* J.P.M.L. Rule 10.1(b).

During the MDL's pendency, all relevant discovery, including case-specific discovery for each of the member cases, has been completed.[2]  The parties briefed motions related to the admissibility of expert testimony, and this Court (the "MDL Court") has issued indicative rulings on those matters.  The parties are also separately briefing summary judgment motions for each of the member cases; each member case has been placed in one of five separate groups, with each group having a different briefing schedule.  The briefing has been completed for the group that includes this member case.

The MDL Court has not issued rulings on the summary judgment motions, and, in these circumstances, the MDL Court does not believe it should do so.  The facts in the member cases are very distinct from each other—more so than is usually the case in an MDL—and there are few (if any) common issues to be addressed.  The dispositive motions for each member case will not depend on common facts, but rather the facts regarding each Individual Defendant's actions.  The claims asserted in the cases are not the same; moreover, even to the extent the claims are the same,

---

[2] There is one member case for which discovery is continuing; that case is on a different schedule because it had been dismissed, but the dismissal was reversed on appeal.  That case is also atypical in several other respects, including the issues involved.  Its continuation has no bearing on the rest of the member cases.

the governing law may not be. Consequently, it is not efficient for a single court to rule on all the dispositive motions; it is more efficient for the labor to be divided so that each case can be assessed individually. Accordingly, this is the appropriate time to remand the cases to the Transferor Court.

## II.  PERTINENT FILINGS[3]

This member case was originally removed from state court to the United States District Court for the Northern District of Texas on March 19, 2021. EquipmentShare and an Individual Defendant (Timothy Helmstetler) were, and remain, the only Defendants in the case. EquipmentShare filed its Answer on April 8, 2021, and Helmstetler filed his Answer four days later. The Panel transferred the case to the MDL Court on April 22, 2021.

### A.

None of the parties amended their pleadings after the case was transferred to the MDL Court. The following rulings by the MDL Court are relevant:[4]

| | |
|---|---|
| Doc. 1268 | Order that contains (on page 9) a restriction on the use of certain evidence. The MDL Court does not know if any such evidence exists or will be offered in connection with this member case, but the Transferor Court should know this ruling has been made. |
| Doc. 1802 | Order striking the Supplemental Report from Ahern's damages expert, David Hoffman |

### B.

As stated earlier, the parties filed motions challenging the admissibility of expert testimony based on *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), its progeny, and Federal Rules of Evidence 702 through 705. The MDL Court issued rulings on those motions, but repeats a caveat expressed in its Orders.

---

[3] The MDL Court believes it has identified all the relevant documents for this member case, but there is always the possibility the parties will suggest others are also important.

[4] All Document Numbers are from this Court's Master MDL Docket.

The MDL Court acknowledges decisions regarding the admission of expert testimony are discretionary, *e.g.*, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999), and different judges may exercise their discretion in different ways despite being presented with the same or similar circumstance. Therefore, the Orders reflect how the MDL Court would rule and are not intended to bind the Transferor Courts; they are offered only to assist the Transferor Courts in resolving these issues.[5]

With that caveat in mind, the MDL Court issued the following Orders relating to expert testimony:

Doc. 1798    Order addressing testimony of Richard Wallace (Ahern's expert)

Doc. 1799    Order addressing testimony of Mark Hamilton (EquipmentShare's expert)

Doc. 1800    Order addressing testimony of Bruce Hartley (EquipmentShare's expert)

Doc. 1801    Order addressing testimony of David Hoffman (Ahern's expert) and John Hansen (EquipmentShare's expert)

## C.

Helmstetler and EquipmentShare have filed Motions for Summary Judgment. Some of the filings (or exhibits thereto) may be sealed, but they should be accessible by the Transferor Court. Also, and as indicated below, while Helmstetler and EquipmentShare typically made separate legal arguments, Helmstetler relied on the facts presented by EquipmentShare. Thus, some of the filings perform "double-duty," applying to both Defendants. To aid the Transferor Court, the MDL Court will identify the filings relevant to be considered for each Defendant (which, because of the parties' approach, will identify some documents twice, once for each Defendant).

---

[5] This caveat does not apply to Doc. 1802, the Order striking the Supplemental Report from Ahern's damages expert, David Hoffman. That ruling was not based on evidentiary grounds, but rather on the Supplemental Report's untimely disclosure.

### *Helmstetler's Motion*

| | |
|---|---|
| Doc. 1849 | Helmstetler's Motion for Summary Judgment |
| Doc. 1850 | Helmstetler's Suggestions in Support (which expressly adopts the facts set forth by EquipmentShare in support of its Motion for Summary Judgment) |
| Doc. 1903 | Ahern's response to the facts |
| Doc. 1904 | Ahern's response to Helmstetler's legal arguments |
| Doc. 1911 | Exhibits offered by Ahern to support its factual arguments |
| Doc. 1942 | Helmstetler's and EquipmentShare's joint response to factual arguments |
| Doc. 1944 | Helmstetler's Reply Suggestions |

### *EquipmentShare's Motion*

| | |
|---|---|
| Doc. 1844 | EquipmentShare's Motion for Summary Judgment |
| Doc. 1845 | EquipmentShare's legal argument |
| Doc. 1903 | Ahern's response to the facts |
| Doc. 1910 | Ahern's legal argument |
| Doc. 1911 | Exhibits offered by Ahern to support its factual arguments |
| Doc. 1942 | Helmstetler's and EquipmentShare's joint response to factual arguments |
| Doc. 1943 | EquipmentShare's reply argument |

### III.  PROCEEDINGS ON REMAND

Given the unique nature of this MDL, practically all the discovery that was conducted in the MDL Court related to the individual member cases.  All such discovery has been completed and the MDL Court is not aware of any reason why additional discovery should be allowed.  Once the summary judgment motions are ruled and the Transferor Court determines the extent to which it will adopt the MDL Court's rulings on the *Daubert* motions, the case should be ready for trial.

## IV.  CONCLUSION

Pursuant to J.P.M.L. Rule 10.1(b), the MDL Court suggests that the Panel remand this member case to the Northern District of Texas for further proceedings.  The Clerk of Court shall forward a copy of this Order to the Panel.

**IT IS SO ORDERED.**

DATE: April 10, 2024

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT



*ECF DOCUMENT*
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of Missouri.

Date Filed: 4/10/2024   Paige A. Wymore-Wynn, Clerk
By: M. Warren                           Deputy Clerk

6